UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID SAINT REMY,

    Petitioner,

v.                                          Case No. 3:26-cv-28-MMH-SJH

PAM BONDI, et al.,

    Respondents.
_____

## TEMPORARY RESTRAINING ORDER

Petitioner David Saint Remy, an immigration detainee at the Baker Correctional Institute, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) under 28 U.S.C. § 2241. Saint Remy argues that he is being detained in violation of Zadvydas v. Davis, 533 U.S. 678 (2001), and his Fifth Amendment right to due process. Id. at 8-9. He further asserts that "Respondents lack statutory authority to detain [him]." Id. at 9. As relief, Saint Remy asks the Court, inter alia, to order his immediate release. Id. at 10.

Petitioner also filed an amended Emergency Motion for Temporary Restraining Order (Doc. 5; Motion).[1] In the Motion, Saint Remy seeks issuance of a temporary restraining order "prohibiting Respondents from transferring

---

[1] The Court denied without prejudice Saint Remy's initial motion for a temporary restraining order. See Order (Doc. 4).

or deporting [Saint Remy] while his Petition . . . is adjudicated before this Court." Id. at 1.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Georgia, 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted.

See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Saint Remy's transfer outside of this Court's jurisdiction could impede and delay the Court's adjudication of this case, and if he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and potentially face difficulties in returning home. The exigency of Saint Remy's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Saint Remy from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Saint Remy provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is **ORDERED**:

1. Saint Remy's amended Emergency Motion for Temporary Restraining Order (Doc. 5) is **GRANTED to the extent** that Respondents and

any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Saint Remy from the Middle District of Florida up to and including **January 26, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived.

    2.    The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1), the Motion (Doc. 5), and this Order by **mail and e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden, North Florida Detention Center, 20706 U.S. Highway 90 West, Sanderson, Florida 32087. All costs of service shall be advanced by the United States.

    3.    Saint Remy's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 5), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4.  Counsel for Respondents shall file a notice of appearance by **January 13, 2026.**

5.  The Court will conduct a status conference on **January 13, 2026, at 4:00 p.m.** to discuss a briefing schedule.[2] The Courtroom Deputy Clerk will separately send participants an Outlook invitation with the link, meeting ID, and password.

Participants should dress in appropriate court attire and appear in front of an appropriate professional background. All persons are hereby reminded that pursuant to Local Rule 5.01, United States District Court, Middle District of Florida, "[n]o one may broadcast, televise, record, or photograph a judicial proceeding, including a proceeding by telephone or video." Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**DONE AND ORDERED** at Jacksonville, Florida, at 9:45 a.m. on January 12, 2026.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[2] Saint Remy's presence is not required.

JAX-3 1/9
c:     Counsel of record